**In re MATCH UP, INC., Debtor.**

**Bankruptcy No. 81–00773–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

July 28, 1981.

ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 11 proceeding was filed for the debtor on May 19 by the corporate debtor's president, a layman without counsel. A hearing was held on July 21 upon notice to the debtor that the court would consider dismissal of this proceeding.

The schedules are incomplete and in many respects confusing. They reflect that the debtor has or claims a partial ownership of two parcels and the entire interest in a third parcel of improved realty in Milwaukee with a stated value of $80,000. They also reflect that the debtor owns three old vehicles worth $6,850 and has substantial claims against several individuals. The president obviously is incapable of representing the debtor in this sophisticated and comparatively technical proceeding. Nothing has been accomplished in the past two months and nothing can be accomplished under these circumstances.

The debtor has been given ample opportunity to arrange representation. The president states he cannot do so because he cannot afford to do so. That statement is inconsistent with the representations in the schedules.

In the meantime, the automatic stay provided by 11 U.S.C. § 362 prevents all creditors from enforcing their claims while the president has unsupervised control of the debtor's assets.

The debtor has had no income for at least two years and there would appear to be no ongoing business to preserve or rehabilitate.

The debtor is at least partially owned by yet another corporation, Church of the Sentient Free, Inc. This debtor is not, therefore, the mere alter ego of its president, or so it would appear from the schedules.

Under these circumstances, I find that the interests of creditors and the debtor would be better served by dismissal. Accordingly, the case is dismissed under 11 U.S.C. § 305(a)(1).